IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cr-00188-WDM-BNB

United States of America,

     Plaintiff,

v.

15.  Veronica Tyree,

     Defendant.

---

## ORDER ON MOTION FOR REVIEW OF DETENTION ORDER

Miller, J.

     This matter is before me on the government's motion to revoke a release order

pursuant to 18 U.S.C. § 3145(a)(1).  For the reasons that follow, the motion will be

granted.

     The issue before me is whether Defendant Veronica Tyree (Veronica)[1] should be

released on conditions or detained pending trial.  This determination is governed by the

standard set forth in 18 § 3142(e), which provides for detention only upon a finding that

"no condition or combination of conditions will reasonably assure the appearance of the

person as required and the safety of any other person and the community."  My review

is *de novo*, *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003), and I

have discretion to determine what procedures are most appropriate, *United States v.*

---

[1] Since there are multiple individuals involved in this case with the last name of
Tyree, I will refer to Veronica Tyree by her first name in an effort to minimize confusion.

*Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990).  In this case, an evidentiary hearing was held on May 29, 2007, and I have reviewed submissions from counsel, as well as a transcript of the original proceedings before United States Magistrate Judge Michael S. McDonald.

If there is probable cause to believe that Veronica committed a controlled substance crime carrying a maximum term of imprisonment of ten years or more, § 3142(e) creates a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."  In this case, the indictment against Veronica suffices to give rise to this presumption, *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991), which essentially shifts the burden of production to the defendant, *United States v. Cook*, 880 F.2d 1158, 1162 (10th Cir. 1989).  This burden is not heavy, *id.*, but even when met (i.e., when the presumption is "rebutted"), the presumption remains a factor weighing in favor of detention.  *Stricklin*, 932 F.3d at 1355.  At all times, however, the burden of persuasion remains with the government to prove flight risk by a preponderance of the evidence and danger to the community by clear and convincing evidence.  *Cisneros*, 328 F.3d at 616.  In determining whether the government has met these burdens, I am guided by § 3142(g), which sets forth the following factors for consideration:

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
>     (A) the person's character, physical and mental condition, family

> ties, employment, financial resources, length of residence in the
> community, community ties, past conduct, history relating to drug
> or alcohol abuse, criminal history, and record concerning
> appearance at court proceedings; and
>  . . . .
> (4) the nature and seriousness of the danger to any person or the
> community that would be posed by the person's release.

Applying these standards in this case, I must first determine whether Veronica

has presented sufficient evidence to meet her burden of production and rebut the §

3142(e) presumption.  The only evidence that Veronica presented on her own behalf

comes from a pretrial services report completed on April 30, 2007.  Among other things,

this report indicates that Veronica is a life long resident of El Paso, Texas, and has

lived with her four daughters at her current address for the last two years, she has a

bachelor's degree in English, owns her own clothing business, and likely has no

criminal record, other than a 1986 arrest that appears to be related to driving without

insurance.  I find that this evidence is sufficient to meet Veronica's burden, and the

presumption therefore does not control my determination in this case.  However, as

discussed above, the presumption remains a factor weighing in favor of detention.

Turning then to the first of the § 3142(g) factors, I first find that the nature and

circumstances of the charged offense suggest that Veronica should be detained.

Veronica is charged along with 15 co-defendants with conspiracy to distribute, and

conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50

grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and

(b)(1)(A).  In addition, Veronica is charged with three specific attempts to distribute or

attempts to possess with intent to distribute cocaine in the amounts of: over 5

3

kilograms, over 20 kilograms, and approximately 25.05 kilograms.  Finally, Veronica is also charged with a forfeiture count and money laundering.  Moreover, testimony at the original hearing before Magistrate Judge McDonald indicates that the conspiracy was responsible for moving about 100 kilograms of cocaine to the Denver area each month, and returning to Mexico with about $2,000,000 in cash each month.  These are very serious offenses, clearly involving huge quantities of controlled substances, and the first § 3142(g) factor therefore weighs heavily in favor of detention.

The next factor I must consider is the weight of the evidence against Veronica.  Special Agent Michael Webster (Webster) of the Drug Enforcement Agency testified at both the hearing before Magistrate Judge McDonald, and at the May 29 hearing in this court.  According to Webster, the government believes that Veronica was in charge of distribution out of El Paso.  This belief appears to be based upon at least several factors.  First, Webster testified that statements from confidential informants indicate as much.  Second, Webster testified that when another defendant in this case, Roberto Lopez, was arrested and found with $432,435 in cash, he told law enforcement officers that Veronica had asked him to deliver some packages to Denver for her.  Third, Webster was personally involved in surveillance that tracked Veronica as she and her nephew, Bruno T. Tyree, transported a black bag that was believed to contain $435,000 in cash from Denver, Colorado, to her house in El Paso, Texas.  This bag was then taken by Bruno T. Tyree to Mexico in another vehicle owned by Veronica.  Soon afterward, Bruno T. Tyree and Veronica's father, Bruno R. Tyree, were stopped by the New Mexico State Patrol and were found to be transporting about 25 kilograms

of cocaine.  Fourth, investigation into the records at Veronica's clothing store indicates that she receives about $1,500 per month from this business, but reports about $6,000 per month to the state.  Veronica did not present any evidence in response to the government's claims, although cross-examination revealed that the government's case relies heavily upon a confidential informant whose credibility is at least somewhat questionable.  On balance, however, I find that the weight of the evidence weighs in favor of detention.

The third factor I must consider is Veronica's history and characteristics. Considerations weighing in Veronica's favor include her lack of a significant criminal record, her education, and her strong ties to the El Paso community, having lived in the area for her entire life, having four daughters to care for, and owning a business there. On the other hand, Veronica's proximity with Mexico, which is the source of the cocaine in this case, as well as her reports of fairly frequent travel into Mexico, and the heavy involvement of other family members in this case all indicate a possible flight risk.  On balance, however, I find that this factor weighs in favor of release.

Finally, I must consider the nature and seriousness of the danger to any person or the community.  Although there is no evidence indicating that Veronica personally has a propensity towards violence, the dangers associated with drug trafficking are well established.  Therefore, this factor also weighs in favor of detention.

On balance, after considering all of the § 3142(g) factors, as well as the presumption in favor of detention, I find that the government has failed to demonstrate danger to the community by clear and convincing evidence.  However, I find that the

government has met its burden of proving by a preponderance of the evidence that "no condition or combination of conditions will reasonably assure the appearance of the person as required."  § 3142(e).  Therefore, detention is appropriate.

Accordingly, it is ordered:

1.    Plaintiff's motion for stay and revocation of magistrate's release order, filed May 3, 2007 (Docket No. 69), is granted to the extent it seeks revocation of Magistrate Judge McDonald's release order.

2.    Defendant shall be detained pending trial.

3.    Defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

4.    Defendant shall be afforded reasonable opportunity for private consultation with his counsel.

5.    Upon order of a court of the United States or on request of an attorney for the government, the person in charge of the correction facility in which the defendant is confined shall deliver him to the United States Marshal for appearances in connection with court proceedings.

DATED at Denver, Colorado, on June 1, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge